_____



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: February 25, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    KRISTEN FLYNT REIMERT                                     CASE NO:24-51359-KMS

**AGREED ORDER**

**THIS MATTER**, having come on before this Court on the Motion for Relief From Stay and for Other Relief (Docket No. 58) filed by Regions Bank ("Regions"), and Debtor's Response (Docket No. 65) thereto, and the Court does find that the parties agree as follows:

**THAT** Regions's Motion for Relief From Stay and for Other Relief (Docket No. 58) is hereby denied in part and granted in part.

**THAT** on July14, 2015, Debtor executed a Note in favor of Regions. As security for the indebtedness due pursuant to the Note, Debtor pledged real property located at 89 King Road Hattiesburg, Mississippi (the "Real Property"). The Real Property is more particularly described in Exhibit "A" attached hereto and incorporated herein by reference.

 **THAT** Debtor's plan shall be and is hereby amended to pay the post-petition arrearage for September 2025 through February 2026 due and owing Regions on the Note in the amount of $2,978.48 and is to be paid monthly over the remaining life of the plan.

**THAT** the March 2026 mortgage payment on the Note in the amount of $854.45, and all on-going mortgage payments, shall be made directly to the Trustee for disbursement to Regions. Said

payment amount includes principal, interest, private mortgage insurance, and escrow and should the payment amount change, Regions may file a Notice Mortgage Payment Change to reflect the adjustment.

**THAT** on August 14, 2015, Debtor executed a Credit Agreement and Disclosure (the "Agreement") in favor of Regions. As security for the indebtedness due pursuant to the Agreement, Debtor pledged the Real Property. The Real Property is more particularly described in Exhibit "A".

**THAT** Debtor's plan shall be and is hereby amended to pay the post-petition arrearage for December 2024 through January 2026 due and owing Regions on the Agreement in the amount of $3,386.31 and is to be paid monthly over the remaining life of the plan.

**THAT** the February 2026 mortgage payment in the amount of $299.82, and all on-going mortgage payments, shall be made directly to the Trustee for disbursement to Regions. Said payment amount includes principal and interest and should the payment amount change, Regions may file a Notice Mortgage Payment Change to reflect the adjustment.

**THAT** should Debtor become thirty (30) or more days delinquent in plan payments to the Trustee, Regions may give notice of such fact to Debtor, with a copy to Debtor's attorney. If, within ten (10) days of the notice to Debtor and Debtor's attorney, Debtor does not cure any default in plan payments to the Trustee, the automatic stay of 11 U.S.C. § 362 shall terminate as to the real property located at 89 King Road, Hattiesburg, Mississippi , and the Real Property will be abandoned from the bankruptcy estate, all without further order of the Court [^upon Region's filing of a notice of default]. Unless extended by further order of the Court or by mutual agreement of the parties, the provisions of this paragraph shall terminate and be of no further force or effect eighteen (18) months from the date of entry of this Agreed Order.

**THAT** the Chapter 13 Trustee shall amend Debtor's wage order as needed to comply with the terms of this order.

**THAT** the stay provisions of Rule 4001 of the Federal Rules of Bankruptcy Procedure shall not apply to the provisions of this order.

##END OF ORDER##

| **SUBMITTED AND AGREED:** | **AGREED AND APPROVED:** |
|---|---|
| /s/ Nathan T. Simpson | /s/ Thomas Carl Rollins, Jr. |
| John S. Simpson, MSB No. 8525 | Thomas Carl Rollins, Jr., MSB No. 103469 |
| Nathan T. Simpson, MSB No. 106060 | Attorney for Debtor |
| Simpson Law Firm, P. A. | The Rollins Law Firm |
| Attorneys for Regions Bank | P.O. Box 13767 |
| P. O. Box 2058 | Jackson, MS 39236 |
| Madison, MS 39130-2058 | (601)500-5533 |
| (601) 957-6600 | trollins@therollinsfirm.com |
| rboone@simpsonlawfirm.net | |

**AGREED AND APPROVED:**

/s/Samuel J. Duncan

Attorney for Trustee
David Rawlings, Chapter 13 Trustee
P.O. Box 566
Hattiesburg, MS 39403
(601)582-5011
orders@rawlings13.net

THE FOLLOWING DESCRIBED PROPERTY, LYING AND BEING SITUATED IN LAMAR COUNTY, MISSISSIPPI, TO-WIT:

LOT THIRTY-FIVE (35) OF ROLLING HILLS, A SUBDIVISION, IN THE COUNTY OF LAMAR, STATE OF MISSISSIPPI, AS PER THE MAP OR PLAT THEREOF ON FILE IN THE OFFICE OF THE CHANCERY CLERK OF LAMAR COUNTY, MISSISSIPPI, IN PLAT BOOK 1, AT PAGE 115; TOGETHER WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES THEREUNTO BELONGING.

SUBJECT TO ANY AND ALL EASEMENTS FOR PUBLIC ROADS AND PUBLIC UTILITIES AS PRESENTLY LAID OUT, CONSTRUCTED OR IN US.

SUBJECT TO THOSE CERTAIN SUBDIVISION REGULATIONS IN BOARD OF SUPERVISORS MINUTE BOOK 59 AT PAGE 202, BOOK 82 AT PAGE 282 AND BOOK 112 AT PAGES 144 AND 290 OF THE LAND DEED RECORDS ON FILE IN THE OFFICE OF THE CHANCERY CLERK OF LAMAR COUNTY, MISSISSIPPI.

SUBJECT TO THOSE CERTAIN PROTECTIVE COVENANTS ATTACHED TO DEED DATED APRIL 2002 AND RECORDED IN BOOK 15-R AT PAGE 287 OF THE LAND DEED RECORDS ON FILE IN THE OFFICE OF THE CHANCERY CLERK OF LAMAR COUNTY, MISSISSIPPI.

INDEXING INSTRUCTIONS: LOT 34, ROLLING HILLS SUB

SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.

BEING THE SAME PREMISES CONVEYED TO GENE REIMERT (SINCE DECEASED) AND WIFE, KRISTEN REIMERT, AS JOINT TENANTS WITH RIGHTS OF SURVIVORSHIP AND NOT AS TENANTS IN COMMON AND NOT AS TENANTS BY THE ENTIRETY FROM MELISSA WATTS HOEFLER BY WARRANTY DEED DATED 10/19/2005, AND RECORDED ON 10/25/2005, AT BOOK 174, PAGE 427, IN LAMAR COUNTY, MS.

EXHIBIT "A"